E-FILED; Frederick Circuit Court
Docket: 6/26/2020 7:02 PM; Submission: 6/26/2020 7:02 PM

IN THE CIRCUIT COURT OF MARYLAND FOR FREDERICK COUNTY

| | |
|---|---|
| LAUREN M. BREEDEN<br>19508 Ridge Heights Drive<br>Gaithersburg, MD 20879<br><br>    Plaintiff<br><br>    v.<br><br>WAL-MART REAL ESTATE BUSINESS TRUST<br>702 S.W. 8TH Street<br>Bentonville, AR 72716<br><br>Serve On:<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>    AND<br><br>WALMART INC.<br>701 South Walton Blvd.<br>Bentonville, AR 72716<br><br>Serve On:<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>    AND<br><br>WALMART CLAIMS SERVICES, INC.<br>702 S.W. 8TH Street<br>Bentonville, AR 72716<br><br>Serve On:<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>    AND<br><br>WAL-MART STORES EAST, LP<br>702 S.W. 8TH Street<br>Bentonville, AR 72716<br><br>Serve On:<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201 | C-10-CV-20-000356<br><br>Case No.:_____ |

| |
|---|
| Lutherville Timonium, MD 21093-2264 |
| Defendants |

## COMPLAINT
(Negligence)

Plaintiff, Lauren Marie Breeden, by and through counsel, Meliha Pérez Halpern, Esq., and ChasenBoscolo Injury Lawyers, brings this cause of action against Defendant, The Home Depot, for damages resulting from injuries that occurred as a result of the Defendant's negligence.

### INTRODUCTION

1. This Court's subject matter jurisdiction over this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 1-501.

2. This Court's personal jurisdiction is based on Md. Cts. & Jud. Proc Code Ann. Section 6-102 (a) and 6-103(b).

3. This Court's venue is based on Md. Cts. & Jud. Proc. Code Ann. Section 6-201(a) and 6-202(11).

### PARTIES

4. Plaintiff Lauren M. Breeden is a resident of the Gaithersburg in Maryland.

5. Upon information and belief, Defendant, Wal-Mart Real Estate Business Trust, Inc. is a business entity with a principal place of business located in Bentonville, Arkansas, that is registered to conduct, and does conduct, business in Maryland.

6. Upon information and belief, Defendant, Wal-Mart Real Estate Business Trust, Inc., maintains a business location in Frederick, Frederick County, Maryland.

7. Upon information and belief, Defendant, Walmart, Inc. is a business entity with a principal place of business located in Bentonville, Arkansas that is registered to conduct, and does conduct, business in Maryland.

8. Upon information and belief, Defendant, Walmart, Inc., maintains a business location in Frederick, Frederick County, Maryland.

9. Upon information and belief, Defendant, Walmart Claims Services, Inc. is a business entity with a principal place of business located in Bentonville, Arkansas, that is registered to conduct, and does conduct, business in Maryland.

10. Upon information and belief, Defendant, Walmart Claims Services, Inc., maintains a business location in Frederick, Frederick County, Maryland.

11. Upon information and belief, Defendant, Wal-Mart Stores East, LP is a business entity with a principal place of business located in Bentonville, Arkansas that is registered to conduct, and does conduct, business in Maryland.

12. Upon information and belief, Defendant, Wal-Mart Stores East, LP, maintains a business location in Frederick, Frederick County, Maryland.

## STATEMENT OF FACTS

13. On or about July 11, 2017 Ms. Breeden was shopping at Wal-Mart located in Frederick, Maryland.

14. While shopping, a store clerk was placing boxed fans on the top shelf and allowed a boxed fan to drop onto Ms. Breeden causing her to suffer serious injuries.

15. At the time of the incident, to protect persons from being injured, it was the duty of Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to provide a reasonably safe shopping environment for their customers.

16. At the time of the incident, to protect persons from being injured, it was the duty of Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to not to endanger customers.

17. At the time of the incident, to protect persons from being injured, it was the duty of Defendant Wal-Mart to warn customers of potential dangers in their aisles.

18. At the time of the incident, to protect persons from being injured, it was the duty of Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims

Services, Inc.; and/or Wal-Mart Stores East, LP, in general, to be careful in the choices it made concerning placing objects on high shelves.

19. At the time of this incident, to protect persons from being injured, it was the duty of Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to exercise reasonable care when retrieving objects from high shelves.

20. At the time of this incident, to protect persons from being injured it was the duty of Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to block off the aisle when placing heavy merchandise on the top shelves.

21. At the time of this incident, to protect persons from being injured it was the duty of Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to not place heavy merchandise on top shelves while a customer was standing next to where the merchandise was being placed.

22. At the time of this incident, to protect persons from being injured, it was the duty of Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to ensure employees were properly trained to ensure customer safety when retrieving objects from shelves.

23. At the time of this incident, to protect persons from being injured, it was the duty of Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to properly supervise employees to prevent injuries to customers.

24. At the time of this incident, to protect persons from being injured, it was the duty of Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to hire only qualified employees to prevent injuries to customers.

25. At the time of this incident, it was the duty of Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP to report any incidents in which customers were injured.

26. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it chose not to maintain a reasonably safe shopping environment.

27. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to exercise reasonable care while placing objects on top shelves.

28. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to block off the aisle.

29. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to clear customers from the area where the merchandise was being placed on top shelves.

30. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to warn their customers about the dangerous condition.

31. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to train their employees.

32. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to properly supervise their employees.

33. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to hire qualified employees.

34. Defendant Wal-Mart Real Estate Business Trust, Inc.; Walmart, Inc.; Walmart Claims Services, Inc.; and/or Wal-Mart Stores East, LP breached its duty when it failed to report the incident.

35. As a direct and proximate result of allowing the heavy box to fall, Ms. Breeden sustained permanent and uncompensated injuries. These injuries include past, present and future pain, suffering, lack of mobility and disfigurement. These injuries caused and continue to cause Ms. Breeden to expend great sums of money for hospitals, physicians, and related care and treatment. Ms. Breeden suffered and continues to suffer from mental and emotional damages, including fright, shock, and anguish. Further, Ms. Breeden lost and will continue to lose wages and business opportunities.

36. Ms. Breeden neither contributed to the negligence that caused the accident, nor did she assume the risk of the accident.

## STATEMENT OF CLAIMS

### COUNT 1

(NEGLIGENCE vs. DEFENDANT WAL-MART REAL ESTATE BUSINESS TRUST, INC.)

37. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through thirty-six above and, in addition, avers that Defendant Wal-Mart Real Estate Business Trust, Inc. failed to exercise reasonable care thereby causing Ms. Breeden to sustain severe and permanent injuries.

### COUNT 2

(NEGLIGENCE vs. DEFENDANT WALMART, INC.)

38. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through thirty-seven above and, in addition, avers that Defendant Walmart, Inc. failed to exercise reasonable care thereby causing Ms. Breeden to sustain severe and permanent injuries.

### COUNT 3

(NEGLIGENCE vs. DEFENDANT WALMART CLAIMS SERVICES, INC.)

39. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through thirty-eight above and, in addition, avers that Defendant Walmart Claims Services, Inc. failed to exercise reasonable care thereby causing Ms. Breeden to sustain severe and permanent injuries.

### COUNT 4

(NEGLIGENCE vs. DEFENDANT WAL-MART STORES EAST, LP)

40. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through thirty-nine above and, in addition, avers that Defendant Wal-Mart Stores East, LP failed to exercise reasonable care thereby causing Ms. Breeden to sustain severe and permanent injuries.

### COUNT 5

(NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION vs. DEFENDANT WAL-MART REAL ESTATE BUSINESS TRUST, INC.)

41. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through forty above and, in addition, avers that Defendant Wal-Mart Real Estate Business Trust, Inc. did not properly hire, train, retain and supervise its employee, constituting a failure to be reasonably careful and justifying an award of monetary damages against it.

### COUNT 6

(NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION vs. WALMART, INC.)

42. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through forty-one above and, in addition, avers that Defendant Walmart, Inc. did not properly hire, train, retain and supervise its employee, constituting a failure to be reasonably careful and justifying an award of monetary damages against it.

### COUNT 7

### (NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION vs. WALMART CLAIMS SERVICES, INC.)

43. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through forty-two above and, in addition, avers that Defendant Walmart Claims Services, Inc. did not properly hire, train, retain and supervise its employee, constituting a failure to be reasonably careful and justifying an award of monetary damages against it.

### COUNT 8

### (NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION vs. WAL-MART STORES EAST, LP)

44. The Plaintiff Lauren M. Breeden incorporates the allegations of paragraphs one through forty-four above and, in addition, avers that Defendant Wal-Mart Stores East, LP did not properly hire, train, retain and supervise its employee, constituting a failure to be reasonably careful and justifying an award of monetary damages against it.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Lauren M. Breeden, prays for a judgment in her favor against the Defendants, jointly and severally, and that damages be awarded in an amount in

excess of $75,000.00, plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Court deems proper.

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues presented.

Respectfully submitted,

**CHASEN**BOSCOLO, INJURY LAWYERS

By: _____

Meliha Pérez Halpern, Esq.
CFP# 0406150128
ChasenBoscolo Injury Lawyers
7852 Walker Drive, Suite 300
Greenbelt, Maryland  20770
(301) 220-0050
Fax: (301) 474-1230
mhalpern@chasenboscolo.com
*Counsel for Ms. Breeden*