IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAUREN M. BREEDEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 20-cv-02139-JMC |
| WAL-MART REAL ESTATE BUSINESS TRUST, *et al*., | * | |
| Defendants. | * | |

* * * * * * *

**MEMORANDUM OPINION**

Plaintiff, Lauren Breeden, brought this action against Wal-Mart Real Estate Business Trust, Walmart, Inc., Walmart Claims Services, Inc., and Wal-Mart Stores East, LP (collectively "Defendants"), alleging various claims of negligence after a box fan fell from a shelf and struck her while shopping at Walmart. (ECF No. 2). The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 16 and 17). Presently pending before the Court is Defendants' Motion for Summary Judgment. (ECF No. 37). The Court has reviewed Defendants' Motion, Plaintiff's Response (ECF No. 38) and Defendants' Reply (ECF No. 39) and finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Defendants' Motion for Summary Judgment is DENIED in part and GRANTED in part.

**I.   BACKGROUND**

On July 11, 2017, Plaintiff and her daughter visited the Frederick, Maryland, Walmart to buy a window unit air conditioner. (ECF No. 37, Ex. 2). Upon entering the store, Plaintiff and her daughter traveled to the fan and air conditioner aisle, where they noticed a Walmart associate, later identified as Dwayne Johnson, tidying and stocking the approximately five and half foot high

shelves.  (ECF No. 38 at 1-2).  Plaintiff's daughter observed Johnson "grab one of the bigger boxes and like lift it above his head and kind of toss it gently" onto the shelves.  (ECF No. 38, Ex. 1 at 2).  Moments after Johnson tossed the box onto the shelf, the box "started falling back" and made contact with the back of Plaintiff's head, causing her "serious injuries."  *Id.*  No other boxes fell from the shelf and the shelving unit appeared steady otherwise.  *Id.*  Johnson did not appear to be distracted when the incident occurred.  *Id.*

As a result of these events, Plaintiff alleges that Defendants are vicariously liable for her injuries sustained due to Johnson's allegedly negligent shelf-stocking.  (ECF No. 2 at 6-7).  Plaintiff also asserts that Defendants failed to exercise reasonable care and failed to "properly hire, train, retain and supervise its employee."  *Id.*

In its Motion for Summary Judgment, Defendants argue that Plaintiff's injuries resulted from a mere accident.  (ECF No. 37, Ex. 1 at 7).  According to Defendants, it would be speculative or conjecture to conclude that Johnson or the Defendants acted negligently based on such an isolated event.  *Id.*  Moreover, Defendants assert that Plaintiff has failed to set forth a valid claim for negligent hiring, retention, or supervision because Johnson was competent when hired by Defendants, trained adequately to perform his duties, and because Plaintiff has failed to sufficiently allege otherwise.  (ECF No. 37, Ex. 2 at 10).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

**III. ANALYSIS**

Defendants seek summary judgment on all eight of Plaintiff's claims. (ECF No. 37, Ex. 1). Plaintiff alleges (1) negligence and (2) negligent hiring, training, retention, and supervision, as to each of the four Defendants. (ECF No. 2). Both grounds of negligence rely on identical facts and law as to each Defendant. *Id.* Accordingly, the Court will group and address the claims below. Further, as a preliminary matter, this Court exercises diversity jurisdiction over the case and will therefore apply Maryland law. *Hartford Fire, Ins. Co. v. Harleysville, Mut. Ins. Co.*, 736 F.3d 255, 261 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[1]

---

[1] "In a diversity case, a United States District Court sitting in Maryland applies Maryland's choice of law rule . . . Under Maryland's choice of law a tort claim is to be governed by the law of the place of the wrong, the *lex loci delicti*." *McCoubrey v. Kellogg, Krebs & Moran*, 7 F. App'x 215, 219 (4th Cir. 2001).

### a. Negligence (Counts 1-4)

Plaintiff asserts that Defendants were negligent because they "failed to exercise reasonable care." (ECF No. 2 at 6-7). Defendants argue that Plaintiffs cannot prove any theory of liability sounding in negligence. (ECF No. 37, Ex. at 4). As an initial matter, "[a]ny theory of liability sounding in negligence is predicated on the existence of the following elements: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Warr v. JMGM Group, LLC*, 443 Md. 170, 181, 70 A.3d 347, 353 (2013) (internal citation omitted). Plaintiff argues she can prove negligence based on the doctrines of *respondeat superior*, shopkeepers' liability, and *res ipsa loquitur*. (ECF No. 38 at 5-6, 8-9). A jury could reasonably find negligence under each of these theories; therefore, summary judgment in favor of Defendants as to Plaintiff's claims of negligence is improper and thus denied. Each doctrine is addressed in turn.

#### i. *Respondeat Superior*

Defendants contend Plaintiff's injuries were the result of a mere accident and there can be no presumption of negligence because Plaintiff cannot point to any facts in the record suggesting Defendants, or Johnson, violated their duty of care. (ECF No. 37, Ex. 1 at 6). Conversely, Plaintiff argues Defendants are liable for their employee's negligent actions *respondeat superior* based on "Mr. Johnson's negligence in tossing a box onto a high shelf." (ECF No. 38 at 6).

Under *respondeat superior*, "an employer is vicariously liable for a tort committed by its employee while acting within the scope of his employment." *Women First OB/GYN Assocs., LLC v. Harris*, 232 Md. App. 647, 657, 161 A.3d 28, 34 (2017); *see also Antonio v. SSA Sec., Inc.*, 442 Md. 67, 75, 110 A.3d 654, 658 (2015) ("The common law doctrine of *respondeat superior* . . .

holds employers liable for the actions of their employees in furtherance of the employer's business."). For an employee's conduct to fall within the scope of his employment, "the acts must have been in furtherance of the employer's business and authorized by the employer." *Barclay v. Briscoe*, 427 Md. 270, 283, 47 A.3d 560, 567–68 (2012) (internal citation omitted). Here, negligence is the alleged tort; therefore, Plaintiff must prove both the underlying negligence and the relationship giving rise to liability.

Defendants maintain that there is no underlying negligence by Johnson upon which Plaintiff may assert *respondeat superior*; however, the facts at issue are not as simple as Defendant urges this Court to believe. To the contrary, viewed in the light most favorable to Plaintiff, a jury could reasonably find that Johnson acted negligently within the scope of his employment in the manner he stocked the box that then fell and struck Plaintiff. Plaintiff's daughter testified that the box fell because of Johnson's action in tossing it up onto the shelf (such that it slid down), and therefore Plaintiff's injuries would not have resulted otherwise. (ECF No. 38, Ex. 2 at 30). Further compounding the issue, Defendants conceded that Johnson's actions violated Walmart's own safe stocking policies. (ECF No. 38, Ex. 2 at 9, 10, 12–13). Because a reasonable jury could find that Johnson negligently stocked the shelves within the scope of his employment, thereby rendering Defendants susceptible to vicarious liability under *respondeat superior*, summary judgment on general claims of negligence is not appropriate.

### ii. Shopkeepers' Liability

In addition to vicarious liability, a reasonable jury may also find Defendants directly liable for negligence as to the duty of care owed under premises/shopkeepers' liability. Defendants assert that because shopkeepers are held to a reasonable standard of care and the incident was a mere accident, holding otherwise would place an undue burden on the Defendants to become "an insurer of the safety of [its] customers." (ECF No. 37, Ex. 1 at 8) (quoting *Moulden v. Greenbelt*

5

*Consumer Serv.*, 239 Md. 229, 232, 210 A.2d 724, 725 (1965)).  Plaintiff contends that the Defendants' "decision to permit and indeed encourage stocking … well above costumer height, plainly renders them liable."  (ECF No. 38 at 6).  "Storekeepers owe their invitees a duty of ordinary care to maintain their premises in a reasonably safe condition."  *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994) (citing *Moulden*, 239 Md. at 232).  The Fourth Circuit has expressly held that stores may breach this duty of care by improperly maintaining merchandise at a height capable of falling onto customers' heads and causing injury.  *See Byrd*, 2000 WL 20576, at *2 ("[A] jury reasonably could infer from the evidence presented that Wal-Mart's shelving and stacking of [merchandise] at a height from which they could fall onto the heads of customers standing in the aisles created an unreasonable danger.").  Consequently, a jury could reasonably determine that Defendants acted negligently by maintaining potentially hazardous conditions within their store.  Accordingly, Defendants are not entitled to judgment as a matter of law.  *See Howard v. Jamesway Corp.*, No. CIV. A. HAR-90-810, 1991 WL 8433, at *1 (D. Md. Jan. 28, 1991) (finding summary judgment inappropriate because of a disputed material fact regarding the potential hazards created by defendant's placement of merchandise within a store); *Byrd v. Wal-Mart Stores, Inc.*, 203 F.3d 819, 2000 WL 20576, at *2 (4th Cir. 2000) (denying motion for summary judgment because of a disputed material fact regarding whether defendant's stocking practices presented an "unreasonable danger" to customers).

### iii. Res Ipsa Loquitur

Instead of traditional theories of negligence, at trial, the Plaintiff could choose to argue liability based on *res ipsa loquitur*.  *Res ipsa loquitur*, "the thing speaks for itself", allows "a plaintiff to establish a prima facie case of negligence when direct evidence of the cause of the accident is unavailable and the circumstantial evidence permits the drawing of an inference by the

fact-finder that the defendant's negligence was the cause." *D.C. v. Singleton*, 425 Md. 398, 407, 41 A.3d 717, 722 (2012) (citing *Dover Elevator Co. v. Swann,* 334 Md. 231, 638 A.2d 762 (1994)).

Defendants inaccurately argue that "Plaintiff is precluded from relying on *res ipsa loquitur* because she has presented direct evidence of what she believes to be the negligence of Mr. Johnson and its causal relationship to the incident." (ECF No. 37, Ex. 1 at 11). Defendants' sole argument relies on *Dover* to advance the proposition that when a plaintiff can point to specific evidence of negligence, reliance on *res ipsa loquitur* is improper. While such an argument could be valid at trial depending the evidence Plaintiff chooses to present, at the summary judgment stage it is misplaced. The Maryland Court of Appeals has expressly rejected Defendant's argument and has clarified the appropriateness of *res ipsa loquitur*:

> [W]hether a party will be precluded from relying on the doctrine of res ipsa loquitur turns upon the evidence produced by the party and whether that evidence satisfies the three essential components of res ipsa loquitur; whether specific allegations of negligence have been pleaded is of no moment.

*Holzhauer v. Saks & Co.*, 346 Md. 328, 333, 697 A.2d 89, 91 (1997). Accordingly, "at the summary judgment stage, to benefit from use of the *res ipsa loquitur* doctrine, Plaintiff[] must meet the three elements described above, and the pleading of allegations of negligence does not bar [her] from invoking the doctrine." *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 355 (D. Md. 2011). The three elements of *res ipsa loquitur* include: "(1) a casualty of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively in the defendant's control, and (3) that was not caused by an act or omission of the plaintiff." *Holzhauer*, 346 Md. at 335–36 (citing Dover, 334 Md. at 236-37).

The applicability of *res ipsa loquitur* is especially appropriate in cases of "accidents" – "[w]hen such accidents happen, it can be difficult for a plaintiff to explain, let alone prove, the cause of the accident. This is especially true when the cause of the accident is an object in the

exclusive control of another." *Bosslet v. Wal-Mart Stores, Inc.*, No. CIV. TJS-12-2392, 2013 WL 5806285, at *4 (D. Md. Oct. 25, 2013).  Thus, if persuaded by Defendants' argument that the scenario at hand was an accident, then Plaintiff may justifiably attempt to prove negligence on the basis of *res ipsa loquitur*.

Viewed in the light most favorable to Plaintiff at this stage, should Plaintiff decide to proceed on a *res ipsa loquitur* theory, a jury could determine that all three elements of *res ipsa loquitur* are met.  Defendants have offered no factual evidence or argument for the Court to rule in their favor.  As to the first element, a stationary box on a top shelf does not ordinarily fall on its own without some sort of physicality or assistance.  As to the second element, Plaintiff's daughter's testimony shows that Mr. Johnson was in direct control of the box fan.  Finally, the undisputed facts illustrate that Plaintiff was merely perusing the aisle and therefore did not cause the box to fall from the shelf; the undisputed facts show that Plaintiff did not see the box fall nor did she know at the time what caused it to fall.  Therefore, Defendant is not entitled to judgment as a matter of law.

To be clear, Defendants are correct that if Plaintiff in fact presents evidence at trial of specific acts of direct negligence causing her injury (such as the purportedly negligent acts of Mr. Johnson), she will not also be permitted to argue a *res ipsa loquitur* theory in the alternative as evidence of specific acts of direct negligence would invalidate that theory.  *See Holzhauer*, 346 Md. At 333 ("*Dover* did not concern the mere pleading of acts of negligence; rather it dealt with a plaintiff's attempt to establish specific grounds of negligence at trial. We held, in that case, that one of the reasons why the plaintiff was prohibited from relying on *res ipsa* was because he proffered direct evidence of negligence at trial.").

8

### b. Negligent Hiring, Training, Retention, and Supervision (Counts 5-8)

As to Plaintiff's claims of negligent hiring, training, retention, and supervision, Defendants argue that summary judgment is appropriate because Plaintiff cannot make out a prima facie case that Defendants negligently hired, retained, or supervised Johnson. Conversely, Plaintiff argues that there is a "genuine question of material fact as to whether Mr. Johnson was ever properly trained or supervised in any way by Defendant Wal-Mart, and whether a total lack of any training or supervision whatsoever constitutes negligence in the training, retention, and supervision of an employee." (ECF No. 38 at 8). Put simply, both parties argue that the other cannot set forth evidence to prove their respective position. "As in any action for negligence, a plaintiff asserting a cause of action for negligent supervision or retention must prove duty, breach, causation, and damages." *Fid. First Home Mortg. Co. v. Williams*, 208 Md. App. 180, 198, 56 A.3d 501, 511 (2012) (citing *Cramer v. Hous. Opportunities Comm'n*, 304 Md. 705, 712–14, 501 A.2d 35 (1985). Under Maryland law, "there must be a showing that the employer failed to use reasonable care in making inquiries about the potential employee, or in supervising or training the employee." *Economides v. Gay*, 155 F. Supp. 2d 485, 489 (D. Md. 2001). Moreover, "[t]here is a rebuttable presumption that an employer has used due care in hiring the employee." *Horridge v. St. Mary's Cty. Dep't of Soc. Servs.*, 382 Md. 170, 181, 854 A.2d 1232, 1238 (2004).

To establish a prima facie claim for negligent hiring, retention, or supervision, a plaintiff must establish five elements: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, training, retaining or supervising the employee as the proximate cause of plaintiff's injuries. *State v. Jones*, 197 Md. App. 638, 669–70, 14 A.3d 1223, 1241 (2011), *rev'd on other grounds*, 425 Md. 1, 38 A.3d 333 (2012); *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 198 Md. App. 254,

272, 17 A.3d 155, 165 (2011), *abrogated on other grounds by Plank v. Cherneski*, 469 Md. 548, 231 A.3d 436 (2020).

As previously mentioned, "the Court must also 'abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman*, 962 F. Supp. 2d at 799–800. Even viewed in the light most favorable to Plaintiff, a reasonable jury could not find that Defendants negligently hired, retained, or supervised Johnson based on the material facts. It is undisputed that Johnson was an employee of Defendants, and that Defendants were required to exercise due care in hiring Johnson. However, there are insufficient facts in the record upon which a jury could conclude that Defendants failed to inquire into Johnson's competence, that Johnson was, in fact, incompetent, that Defendants knew or had any reason to believe that Johnson was incompetent, or that Plaintiff's injuries were the result of Defendants' failure to train Johnson.

Defendants provided testimony that all employees, including Johnson, are subject to a background check before being hired. (ECF No. 37, Ex. 4 at 6). Defendants further provided testimony from both Johnson and Defendants' corporate representative that Walmart trained Johnson by computer-based training modules as well as other associates through on-the-job activities. *Id.* at 4; ECF No. 37, Ex. 5 at 3. Additionally, Johnson has no disciplinary history with Defendants. (ECF No. 37, Ex. 4 at 6). There is also no indication that Johnson was ever involved in any misconduct during his employment, including the improper handling of merchandise. *Id.* at 8; ECF No. 37, Ex. 5 at 6. Viewed collectively, Plaintiff has failed to allege facts upon which a reasonable jury could find that Defendants exercised less than due care in hiring Johnson, that Johnson was in anyway incompetent, that Defendants were or should have been aware of Johnson's incompetence, or that Defendants failed to adequately train Johnson. As such,

Defendants' Motion for Summary Judgment is granted as to Plaintiff's Counts 5-8 based on negligent hiring, training, retention, and supervision.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED in part and GRANTED in part.  A separate Order follows.


Dated:  November 4, 2021                              /s/
                                            J. Mark Coulson
                                            United States Magistrate Judge